

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

March 8, 2012

**By Hand**



RECEIVED
MAR 09 2012
CHAMBERS OF
JAMES L. COTT
U.S.M.J.

Harry Sandick
Counsel
(212) 336-2723
Fax (212) 336-2222
hsandick@pbwt.com

Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/12

Re:   **Gunn v. Ambac Assurance Corporation, et al.,
No. 11 Civ. 5497 (PAC) (JLC)**

Dear Judge Cott:

      We represent Defendant Ambac Assurance Corporation ("Ambac") in the above-captioned matter and we write to ask the Court to take judicial notice of the document attached hereto as Exhibit A, which bears on Ambac's motion to dismiss Mr. Gunn's Complaint.

      In Ambac's motion to dismiss, filed on November 16, 2011, Ambac argued that Mr. Gunn's complaint should be dismissed because it is an improper collateral attack on a state court judgment, barred by both the *Rooker-Feldman* doctrine and the doctrine of issue preclusion. As we addressed in our brief, Mr. Gunn is attempting to relitigate in this Court the foreclosure of real property that has already been fully and fairly litigated in the Delaware state courts.

      On February 22, 2012, in a new Delaware state court action filed by Mr. Gunn against Ambac (in which he again seeks to relitigate the same foreclosure proceeding), Mr. Gunn filed a brief in opposition to Ambac's motion to dismiss the complaint. *See Gunn v. Ambac Assurance et al.*, C.A. No. N11C-11-128, Del. Super. Ct. (filed on November 15, 2011). At page 6 of that brief, Mr. Gunn acknowledges that the case pending against Ambac in this Court is a collateral attack on the Delaware state court's foreclosure judgment. ("There are several pending actions that Ambac is aware of that collaterally attack the subject VOID judgments entered by the Superior Court of Delaware.")

      We respectfully request the Court to take judicial notice of Mr. Gunn's recently-

5199520v.2

Honorable James L. Cott
March 8, 2012
Page 2

filed opposition brief in the Delaware state court action and to consider that brief in deciding Ambac's motion to dismiss.

Respectfully submitted,

Harry Sandick

Enclosure

cc:  La Mar Gunn (via FedEx)
     Riyaz G. Bhimani, counsel for SPS and U.S. Bank (via email)

5199520v.2

EFiled: Feb 22 2012 10:49AM EST
Transaction ID 42629230
Case No. N11C-11-128 FSS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| LA MAR GUNN, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No.: N11C-11-128 (FSS) |
| AMBAC ASSURANCE, EQCC HOME EQUITY LOAN TRUST 1998-2, EQCC HOME EQUITY LOAN TRUST 1998-3 | ) PLAINTIFF'S RESPONSE OPPOSING MOTION TO DISMISS |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE OPPOSING DEFENDANT AMBAC ASSURANCE'S MOTION TO DISMISS

Comes now Plaintiff, LA MAR GUNN (hereinafter "GUNN"), *propria persona*, and without waving any rights, hereby provides the following Response to Defendant Ambac Assurance's ("Ambac") Motion to Dismiss.

### INTRODUCTION

The Complaint in this case alleges that Ambac, along with two, once registered U.S. Securities Exchange Commission ("SEC") trusts (above captioned), are in wrongful possession of Gunn's property and should be Ejected as a matter of law. The Complaint

further explains that Ambac knowingly engaged in a scheme to defraud Gunn by conspiring with U.S. Bank and Select Portfolio Servicing, Inc. ("SPS") to make material misrepresentations pertaining to U.S. Securities, in violation of the Securities Exchange Act of 1934 Rule 10(b)5. The 1934 Act contains comprehensive anti-fraud provisions. Rule 10b, as discussed herein states that:

*"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,*

> *(1) to employ any device, scheme or artifice to defraud,*
>
> *(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or*
>
> *(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."*

Based on Ambac's own admissions and Motion to Dismiss, Ambac has admitted to defrauding the U.S. by willfully violating Internal Revenue Code 860 (IRC 860). Ambac claims that a loan belonging to the Johnsons was assigned into one of the above captioned trusts. By intentionally make false representations to the Court, Ambac has willfully participated in a Racketeering Enterprise that has brought FRAUD UPON THE COURT.

Ambac is well aware that SPS and U.S. Bank caused to be filed a fabricated assignment of mortgage into the New Castle County Recorder of Deeds, purporting a transfer into EQCC Home Equity Loan Trust 1998-2 (Exhibit 1). If the fabricated, retroactively dated, counterfeit assignment of mortgage is believed by this Court to be valid, Ambac owes the U.S. Government (Internal Revenue Service) **$753,082,344.** The 100% tax penalty comes as a result of violating the Real Estate Mortgage Investment Conduit ("REMIC") status described under I.R.C. 860.

Under New York Trust Law, as described in the governing documents, it would be an impossibility for the Ambac insured trusts to have ever been assigned a loan in default and purporting to have occurred **six years after the cut-off date.** Apparently, Ambac has a history of defrauding the U.S. Government as evidenced by the recent seizure of **$700 million** of what is believed to be illegal tax refunds. *See Ambac v USA*, U.S. Bank. Ct. SDNY 10-15973. Gunn intends to file an Amicus Brief in the aforementioned case to further explain the artifice to defraud Gunn, the U.S. Government, and investors.

## ARGUMENT

The standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff. The Complaint must be sustained unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The Court must read the facts alleged in the complaint in the light most favorable to the plaintiff and accept those allegations as true. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249 (1989). In addition, a court must "draw all reasonable inferences in the plaintiff's favor." *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 186 (2d Cir. 2001). On a motion to dismiss, the appropriate inquiry is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support those claims." *Harriman v. I.R.S.*, 223 F. Supp. 2d

451, 456 (E.D.N.Y. 2002; *Scheur v. Rhodes,* 416 U.S. 232, 236 (1974). Federal Rule of Civil Procedure 8(a) requires only that a plaintiff give the defendants "fair notice of what the...claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). *See also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993) (Rule 8(a) employs a liberal sytem of "notice pleading"). Taking all facts alleged as true and drawing all reasonable inferences in favor of Gunn, the Complaint states several valid claims for relief against all three of the defendants that have conspired to defraud both Gunn and the U.S. Government. Accordingly, Ambac's motion to dismiss should be denied.

### 1. AMBAC IS A PROPER PARTY BASED ON ITS OWN ADMISSIONS AND REPRESENTATIONS MADE TO THE SEC.

Ambac seeks to further its money laundering scheme with SPS and Swiss bank, Credit Suisse, the parent company of SPS. Based on the Insurance policy filed with the SEC and included in the Pooling and Servicing Agreement ("PSA"), Ambac had all rights of the certificateholders subrogated in December of 2005. For years, Judge Fred Silverman misrepresented that the proper parties were before the Court as we now see what the effects of exceeding jurisdiction leads to. It is further believed based on remittance reports provided to investors that Ambac is conspiring to advance the sophisticated area of money laundering referred to as Layering.

### 2. GUNN IS NOT THE SERIAL LITIGANT, BUT INSTEAD BASED ON GOVERNMENT SANCTIONS, AMBAC AND ITS ENTIRE RACKET ARE PROVEN FRAUDS.

Gunn is being defamed as a means of unduly influencing the Court, but his efforts only stem from his Constitutional right to protect and defend his property. The defendants

through their artifice to defraud, are attempting to steal Gunn's home and must expect that **Gunn will exhaust all remedies until JUSTICE IS DONE.**

### 3. DEFENDANTS HAVE MISINTERPRETED RULE 12(b)(6).

Rule 12(b)(6) cannot be used as a tool to bring fraud on the court and consummate grand theft. The original judgments issued by Judge Fred Silverman are **VOID *ab initiio*.** A quick look at the docket roll proves that the original court exceeded its jurisdiction as based on the subject counterfeit assignment. The defendants are so sloppy, they failed to backdate their forged document to a date preceding the commencement date of the litigation, which was July 19, 2002. The retroactive and ROBOSIGNED assignment comes well after the commencement day and is fabricated and forged to represent September 30, 2002. This fatal defect is obvious to any person that knows July comes before September and therefore renders "ALL" decisions entered by Judge Silverman as not voidable, but VOID. Ambac's interpretation if accepted, would create a conflict with other statutory provisions; and none of the cases upon which Defendant Ambac relies, actually supports the relief it seeks.

### 4. GUNN IS A PRO SE LITIGANT AND HIS PLEADING MUST BE REVIEWED LIBERALLY.

Gunn is proceeding in good faith to vigorously advance his Constitutional right to protect his property. The Complaint clearly states a claim for Ejectment which has been unanswered by the defendants. A motion to dismiss cannot be considered as an answer to Gunn's Complaint. Furthermore, it is well settled law, that *pro se* litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers.

## 5. AMBAC PROVES GUNN'S POINT AS TO PARTY OF INTEREST AS THEY ARE THE INSURANCE SUBROGEE AS ADMITTED.

Ambac fully indemnified all certificateholders of the subject trusts. Therefore, if there was someone with a cognizable claim, it would be Ambac and not SPS or U.S. Bank misrepresenting to the Court that U.S. Bank represents phantom cerificateholders that no longer exist. ALL CERTIFICATES WERE PAID ON DECEMBER 15, 2005.

## 6. AMBAC STAYING TRUE TO FORM, FAILS TO ADDRESS THE ROLE OF COMMITTING EGREGIOUS ACTS OF FRAUD IN OBTAINING JUDGMENT; ELIMINATING THEIR COLLATERAL ESTOPPEL ARGUMENT.

*See response 3 supra.*

## 7. AMBAC IS HOPELESSLY RESTING ON THE VOID JUDGMENTS ENTERED IN EXCESS OF THE COURT'S JURISDICTION.

*See response 3 supra.*

## 8. AMBAC MISREPRESENTS THAT DELAWARE COURTS HAVE RULED THAT THE FORECLOSURE IS VALID.

There are several pending actions that Ambac is aware of that collaterally attack the subject VOID judgments entered by the Superior Court of Delaware. Two of the cases are pending in Federal Court and could be prejudiced by a premature ruling by this Court. It should also be noted that Ambac is currently a defendant in the case pending in the Southern District of New York and will be added as a defendant in the District of Delaware.

This Court cannot continue entering rulings or continue court scheduling at the direction of Judge Silverman, who is has proven himself to be a trespasser of the court by exceeding his jurisdiction. Plaintiff has alleged a Section 1962 RICO count against Judge Silverman as well as a RICO conspiracy count, both soon to be filed in Federal Court.

The Judicial Canons explain clearly the importance of avoiding even the appearance of impropriety; This test fails as Judge Silverman's wife Justice Carolyn Berger-Silverman (who goes publicly as Carolyn Berger) sits on the appellate court (Supreme Court of Delaware), and the co-conspirator, Credit Suisse as parent company of SPS, manages the Delaware judges retirement plan.

Based on the pending lawsuits in this Court and in Federal Courts, it would be unconstitutional and a miscarriage of justice to grant the Defendant's frivolous motion to dismiss.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendant Ambac's motion to dismiss.

Dated:    February 20, 2012
          Dover, DE

LA MAR: GUNN, *propria persona*

Signed reserving all my rights at UCC 1-308

International Association of Financial Crimes Investigators

Dated this 20th day of February, 2012

7

## CERTIFICATE OF SERVICE

I, LA MAR GUNN, hereby certify that the foregoing Document was sent by First-Class U.S. Mail to:

Francis G.X. Pileggi
Jill Agro
Dorothy Davis
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
facsimile: (302) 425-0432


Laurence Cronin
The Corporation Plaza
P.O. Box 410
Wilmington, Delaware 19899
Telephone: (302) 652-8400
Fax: (302) 652-8405
Attorney for AMBAC ASSURANCE CORPORATION


On this Tuesday the 21st day of February 2012.


LA MAR: GUNN, *propria persona*
Signed reserving all my rights at UCC 1-308

1894 Windswept Circle
Dover, Delaware 19901

302-218-6407

Courts were closed on 2/20/12 in observance of President's Day.